NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3126
_____

EARL SIMMONDS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A028-421-405 )
U.S. Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: January 6, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Petitioner Earl Simmonds is a native and citizen of Nevis who seeks review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his

removal proceedings.  For the following reasons, we will deny the petition for review.

Simmonds entered the United States as a visitor in June 1986. He thereafter adjusted to a conditional permanent resident on November 19, 1987, based on his marriage to Ruth Bryant, a United States citizen. Simmonds subsequently filed several Form I-751 petitions to remove the conditions to his residency, with the last such petition being filed on September 12, 2005. A.R. 309. Given his divorce from Bryant in June 1990, Simmonds also sought a waiver under INA § 216(c)(4)(B) of the statutory requirement that he and his citizen wife jointly petition to remove the conditions on his permanent residency. A.R. 315. Simmonds' conditional resident status was terminated on October 4, 2006, after the District Director of the Citizenship and Immigration Service determined that he failed to establish that his marriage had been entered into in good faith and not merely to procure his entry into the United States as an immigrant. A.R. 309. The Department of Homeland Security ("DHS") thereafter issued petitioner a Notice to Appear, charging him with removability due to the termination of his conditional permanent residency status. See INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i). A.R. 563.

On April 21, 2008, the Immigration Judge ("IJ") found Simmonds removable as charged. The IJ also denied Simmonds' applications for a § 216(c)(4)(B) waiver of the joint petition requirement to remove the conditions on his residency and for cancellation of removal. The IJ determined that Simmonds failed to prove that he had any qualifying relative to establish a statutory eligibility for cancellation of removal under INA § 240A(b)(1). The IJ further concluded that Simmonds had not been a credible and

2

persuasive witness as to the bona fides of his marriage. Based upon the totality of the evidence, the IJ found that Simmonds failed to meet his burden to show that his marriage to his ex-wife had been entered into in good faith. Simmonds' waiver request under INA § 216(c)(4)(B) was therefore denied, and he was ordered removed. The BIA affirmed the IJ's decision and dismissed Simmonds' appeal in an order issued on December 8, 2008. Simmonds did not seek judicial review of that decision.

The following month, Simmonds filed a timely motion with the BIA seeking to reopen proceedings to reapply for cancellation of removal under INA § 240A(b)(1), based on his marriage on January 5, 2009, to longtime fiancée, Brenda Bartlette. He also requested that the BIA stay his removal from the United States. Simmonds' motion fared no better than his appeal. In an order issued on June 26, 2009, the BIA denied his reopen motion and found that his request for a stay had been rendered moot. The BIA concluded that Simmonds failed to make a prima facie showing of eligibility for cancellation of removal. In particular, the BIA noted that, other than counsel's statements (which are not evidence), Simmonds presented no evidence that his spouse -- who also appears to be from Nevis, see A.R. 17 -- is, in fact, a lawful permanent resident, and thus a qualifying relative. The BIA determined that Simmonds likewise failed to present any evidence in support of a prima facie showing that his removal to Nevis would result in the exceptional and extremely unusual hardship to his wife as required by INA § 240A(b)(1)(D).

Simmonds, through counsel, seeks review of the BIA's final order of removal.

3

We exercise jurisdiction over a petition for review pursuant to 8 U.S.C. § 1252(a)(1), and review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). We must affirm the BIA's denial of a motion to reopen unless its decision was "arbitrary, irrational, or contrary to law." Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008)(internal quotations and citation omitted).

Simmonds' sole argument is that the BIA abused its discretion in denying his motion to reopen without considering all of the record evidence, including statements and documents attached to the motion. As set forth in 8 U.S.C. § 1229a(c)(7)(B), "[a] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." See also 8 C.F.R. § 1003.2(c)(1). According to Simmonds, he introduced sufficient facts and evidence that his new wife, Brenda Bartlette, would suffer extreme and unusual hardship such that a reopening of his immigration proceedings was justified.

From our review of the record, however, we are compelled to find no abuse of discretion on the part of the BIA in concluding that Simmonds failed to demonstrate prima facie eligibility for cancellation of removal. The only evidence submitted with the reopen motion was a four-sentence affidavit by petitioner noting his marriage to Brenda Bartlett and a copy of the couple's marriage certificate. Even assuming *arguendo* that a simple marriage certificate could be deemed sufficient evidence for the purpose of establishing that Simmonds' new wife was a qualifying relative -- a contention that is far from clear in the instant case -- he submitted no objective evidence whatsoever that his

4

wife would suffer exceptional and extremely unusual hardship if he were removed from the United States. See <u>Fadiga v. Att'y Gen.</u>, 488 F.3d 142, 160 (3d Cir. 2007) ("[T]he prima facie case standard for a motion to reopen … requires the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish that he [merits relief under the applicable standard].") (quoting <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 175 (3d Cir. 2002)). While Simmonds correctly notes that "[f]acts presented in the motion to reopen are accepted as true unless inherently unbelievable," see <u>Shardar v. Att'y Gen.</u>, 503 F.3d 308, 313 (3d Cir. 2007), the mere recitation of the applicable statutory language does not equate to a prima facie showing of eligibility for cancellation of removal in the absence of any objective evidence whatsoever.

For the foregoing reasons, we deny the petition for review.